946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter J. KUZMA, Defendant-Appellant.
 No. 91-1075.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1991.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Walter J. Kuzma appeals the dismissal of his petition for a writ of error coram nobis. In 1980 Kuzma was arrested and charged with attempt to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Kuzma pled guilty pursuant to a Rule 11 plea agreement and has completed his sentence. Kuzma contends that the prosecution coerced him into consenting to the plea agreement. He seeks coram nobis relief in order to "clear his name."
 
 
 2
 The district court fully advised Kuzma at his 1980 plea hearing of his right to a full airing of all relevant issues. Even though Kuzma was uniquely positioned to inform the court of the alleged coercion, he elected to say nothing. Had he spoken up, the district court could have made a full determination of the voluntariness of the plea. Kuzma cannot now reap the rewards of his own bad choices.
 
 
 3
 This court has held that grants of coram nobis require a showing of "(1) an error of fact, (2) unknown at the time of trial, (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." Flippins v. United States, 747 F.2d 1089, 1091 (6th Cir.1984). We agree that "[a] strong emotional interest is not enough to produce an Article III case or controversy." United States v. Keane, 852 F.2d 199, 204 (7th Cir.1989). Public obloquy may be an unfortunate consequence of a criminal conviction, but if that alone were grounds for issuing a writ of error coram nobis the courts would be busy places indeed. Because Kuzma has failed to meet the threshold requirements for coram nobis relief, we AFFIRM the denial of his petition.